NIEMEYER, Circuit Judge,
dissenting:
On December 4, 2014, the district court entered final judgment denying Keith Clark’s petition under 28 U.S.C. § 2254 for a writ of habeas corpus. Clark filed his notice of appeal 63 days later, on February 5, 2015, which was therefore untimely. See 28 U.S.C. § 2107(a) (requiring that notice of appeal be filed within 30 days after the entry of judgment); Fed. R. App. P. 4(a)(1)(A) (same). Because the requirement for timely filing a notice of appeal is “mandatory and jurisdictional,” Bowles v. Russell, 551 U.S. 205, 209-10, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007), we are required to dismiss Clark’s appeal.
In an unprecedented opinion, the majority holds that a motion that Clark filed on December 18, 2014, for an extension of time to request a certificate of appealability was the functional equivalent of a notice of appeal that satisfied the jurisdictional requirements of § 2107 and Federal Rules of Appellate Procedure 3 and 4. It reasons that (1) because Clark’s motion for an extension of time related to a future request to file a certificate of appealability and (2) because a future request for a certificate of appealability would relate ultimately to a future notice of appeal, Clark’s motion must be treated as a document giving sufficient notice of his appeal. The majority states that it “believe[s] that there could be no genuine doubt that the motion for extension of time indicates Clark’s intent to appeal.” Ante at 306.
The majority’s decision dramatically oversteps the bounds of liberally construing a document and, in sympathy for the pleading challenges facing pro se litigants, substantially and substantively rewrites it. Under no fair construction of Clark’s motion for an extension of time could a party or a court conclude that the document “specifically indicate[s] [Clark’s] intent to seek appellate review” with the purpose that it “provide[ ] sufficient notice to other parties and the courts.” Smith v. Barry, 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992). As the Smith Court explained, “the notice afforded by a document, not the litigant’s motivation in filing it, determines the document’s sufficiency as a notice of appeal.” Id. (emphasis added). How can a simple request for an extension to file a certificate of appealability be fairly understood to give notice of appeal?
The majority’s decision will cause much mischief, some unintended but some quite foreseeable and damaging to the appellate process. Hereafter, for example, a litigant who files a request for an extension of time to file an appeal will, in effect, have his motion automatically decided in his favor without having to show any excusable neglect or good cause, as required by 28 U.S.C. § 2107(c) and Federal Rule of Appellate Procedure 4(a)(5)(A), because his motion will have to be taken as a notice of appeal.
Because I would dismiss Clark’s appeal as untimely, I respectfully dissent.
I
Clark was convicted in the South Carolina courts of kidnapping and assault with intent to commit criminal sexual conduct. After having unsuccessfully sought direct and collateral review from the South Carolina courts, he filed this pro se petition *309 for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.
On December 4, 2014, the district court denied Clark’s petition, granting summary judgment to Larry Cartledge, the Warden at Perry Correctional Institution, where Clark was housed. It also denied Clark a certificate of appealability. On December 18, 2014, Clark filed a document that he called a “Motion for Extension of Time to request for a Certificate of Appealability.” The document requested “an additional fifteen (15) days beyond the current due date” “in order to properly file for a Certificate of Appealability” with respect to the district court’s December 4 order denying his habeas petition. He gave as his reasons the late receipt of the district court’s December 4 order, restrictions on his access to the prison law library, and institutional lockdowns to which he was subjected, and in support of his motion, he cited Federal Rule of Civil Procedure 6(b), which addresses “Extending Time.” The district court denied Clark’s motion by order dated December 23, 2014. Clark nonetheless filed a request for a certificate of appealability with the district court, which the court also denied.
The record shows that Clark himself clearly understood that his motion for a request for an extension of time to request a certificate of appealability was not to serve as a notice of appeal because he thereafter filed with the district court a document that he called a “Request for Certificate of Appealability” and later a document that he called a “Notice of Appeal.” Clark’s notice of appeal clearly manifested his intent, with that' document, to appeal. As it states, “The petitioner Keith Alan Clark hereby appeal[s] his Federal Habeas Corpus action that was decided by the Honorable Bruce Howe Hendricks, U.S. District Judge.” His notice of appeal, however, was filed with prison authorities on February 5, 2015, 63 days after the district court’s order denying his petition for habeas corpus, and therefore was untimely.
Under these facts, the majority concludes that Clark’s request for an extension of time to file a certificate of appeala-bility was the “functional equivalent” of a notice of appeal and therefore that his filing of the motion conferred jurisdiction on this court on December 18, 2014.
II
It is uncontroverted that Clark filed his “notice of appeal” long after the 30-day time limit fixed by 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a)(1)(A), a deadline that the Supreme Court has repeatedly described as “mandatory and jurisdictional.” Bowles, 551 U.S. at 209-10, 127 S.Ct. 2360; see also Ray Haluch Gravel Co. v. Cent. Pension Fund, — U.S. -, 134 S.Ct. 773, 779, 187 L.Ed.2d 669 (2014). The majority nonetheless concludes that we have jurisdiction to consider Clark’s appeal by construing Clark’s earlier motion for an extension of time to request a certificate of appealability as the “functional equivalent” of a notice of appeal. The majority’s holding stretches the functional equivalency test far beyond its defined bounds.
As the Supreme Court has defined the test, “if a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant’s action is the functional equivalent of what the rule requires.” Torres v. Oakland Scavenger Co., 487 U.S. 312, 316-17, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988). Thus, in this case, we would have to conclude, in applying the test, that Clark’s motion for an extension of time was the functional equivalent of *310 what Federal Rule of Appellate Procedure 3 requires for a notice of appeal.
Federal Rule of Appellate Procedure 3 provides that an appeal “may be taken only by filing a notice of appeal” and requires that the notice of appeal “specify the party ... taking the appeal,” “designate the judgment [or] order ... being appealed,” and “name the court to which the appeal is taken,” Fed. R. of App. P. 3(a)(1), (c)(1) (emphasis added). In substance, the Rule requires that “a notice of appeal must specifically indicate the litigant’s intent to seek appellate review,” with the purpose of “ensur[ing] that the filing provides sufficient notice to other parties and the courts.” Smith, 502 U.S. at 248, 112 S.Ct. 678. These requirements of Rule 3 must be substantially satisfied by a document, and it is the “notice afforded by [the] document, not the litigant’s motivation in filing it, [that] determines the document’s sufficiency as a notice of appeal.” Id. (emphasis added).
In this case, Clark’s motion for an extension- of time to request a certificate of appealability provides no manifestation that it was intended to serve as a notice of appeal. To the contrary, Clark indicated in the motion that “[he], in order to properly file for a Certificate of Appealability, [was] requesting an additional fifteen (15) days beyond the current due date.” And the intent communicated by the document was made yet clearer as it pointed to the fact that Clark needed more time to research the certificate of appealability. Moreover, the motion relied on Federal Rule of Civil Procedure 6(b), providing for extensions of time. This document simply cannot be read by any other party or a court as communicating notice of an appeal.
Furthermore, Clark’s motion for an extension of time was not the product of confusion, nor was the motion ambiguous. His motion for an extension of time was just that, as he explained within the motion. The fact that he did indeed later file a request for a certificate of appealability and a notice of appeal demonstrates the unambiguous role of his motion for an extension of time. It is simply too creative to conclude that Clark’s motion was the functional equivalent of a notice of appeal sufficient to give the parties and the court notice that, with the filing of the motion, he was intending to appeal.
To reach its conclusion, the majority had to effectively rewrite Clark’s motion. In its rewrite, the majority substitutes Clark’s intent to pursue appellate review in the future for his present intent to obtain a 15-day extension to file a future certificate of appealability. This is how the majority does it:
(1) Although Clark captioned his motion, “MOTION FOR EXTENSION OF TIME,” the majority takes the motion to be a “notice of appeal.” Ante at 309.
(2)- When, in his motion, Clark identified himself . as the party “bringing] a Motion for Extension of Time,” the majority reconstructs this language to mean that “Clark identifies himself as the person who intends to appeal.” Ante at 306 (emphasis added).
(3) When, in his motion, Clark wrote that, among other reasons given for the motion, he needed the extension of time because he did not receive the district court’s order denying habeas relief in a timely manner, pointing out that the order was dated December 4, 2014, but he “received service of the Order ... on December 9, 2014[,] 5 days after it was served,” the majority reconstructs the language to mean that “Clark identifies ... the order he intends to appeal — the district *311 court’s order denying his [petition for habeas corpus].” Ante at 309 (emphasis added).
(4) While Clark addressed his motion to the district court, seeking 15 additional days within which to file his certificate of appealability in that court (where he ultimately filed his certificate of appealability), the majority reconstructs it to reveal “Clark’s intent to appeal to [the Fourth Circuit]” because “the term ‘certificate of appealability’ necessarily refers to an appeal to the relevant court of appeals.” Ante at 306 (emphasis added) (internal quotation marks and citation omitted).
With these reconstructions of Clark’s document, the majority concludes that the motion for an extension of time satisfies Federal Rule of Appellate Procedure 3, “sufficing] to put the state on notice” of Clark’s intent to appeal, and that “there could be no genuine doubt” about that. Ante at 306.
The majority’s conclusion is based on an untenable fabrication. Nowhere in Clark’s motion for an extension of time does he attempt to convey notice that'he is appealing. His entire text is focused on having more time to file a request for a certificate of appealability in the district court. The majority’s evaluation of Clark’s “circumstances,” by which it speculates that “[t]here would be little reason for Clark to request an extension of time to properly file a certificate of appealability if he did not intend to appeal,” ante at 306, completely disregards the Supreme Court’s instructions that courts “should not .. ■. rel[y] on [petitioner’s] reasons for filing” because “the notice afforded by [the] document, not the litigant’s motivation in filing it,” is what matters, Smith, 502 U.S. at 248, 112 S.Ct. 678 (emphasis added).
The effect of the majority’s holding is dramatic. Not only does it gratuitously rewrite Clark’s motion, but, in doing so, it effectively repeals the appellate rules and statutes governing extensions of time to file an appeal. For example, the decision strips district courts of their discretion to rule on a party’s motion for an extension of time, see Fed. R. App. P. 4(a)(5)(A) (“The district court may extend the time to file a notice of appeal” (emphasis added)); see also 28 U.S.C. § 2107(c), and categorically relieves would-be appellants from the requirement to “show[ ] excusable neglect or good cause,” see Fed. R. App. P. 4(a)(5)(A)(ii); see also 28 U.S.C. § 2107(c). Since every such motion for an extension of time will now be deemed automatically to be a notice of appeal, such factual showings will no longer be required.
The majority’s holding also eliminates the requirements for giving notice that an appeal is being taken, thus confusing other parties who might wish to file a cross-appeal and who must comply with administrative requirements of the rules that are based on the date the notice of appeal was filed. For instance, a party intending to file a cross-appeal must do so within 14 days after the principal appeal is filed. See Fed. R. App. P. 4(a)(3). With the majority’s holding, a party will not know whether another party’s request for an extension of time to file an appeal is actually an appeal and thereby might lose its right to appeal.
And as a corollary, the majority’s holding destroys any clarity as to whether appellate courts have jurisdiction. Cf. Bowles, 551 U.S. at 208, 127 S.Ct. 2360 (explaining that “[district courts have limited authority to grant an' extension of the 30-day time period” governing notices of appeal and holding that the court of appeals lacked jurisdiction over an appeal because, even though the notice of appeal was filed within the time period specified *312 by the district court, that time period exceeded the period permitted by 28 U.S.C. § 2107 and Federal Rule of Appellate Procedure 4(a)(6)).
Finally, the majority’s holding that courts must read motions for extensions of time as notices of appeal will interfere with principles of finality. It is easy to imagine a scenario in which a party files a timely request for an extension of time to note an appeal, which the district court denies, and the 30-day time period for taking an appeal lapses without the party having filed a notice of appeal. Even if the opposing party and the court initially have notice that the movant intended to file an appeal in the future, such notice dissipates when Rule 4(a)(l)(A)’s 30-day time limit lapses and the opposing party and the court rationally assume that the would-be appellant elected not to file the appeal. Under the majority’s decision, however, the party who filed the motion for an extension could eventually pursue the appeal long after the 30-day time period has ended, to the surprise of the opposing party and the court, by relying on his motion for an extension of time as his notice of appeal. Similar confusion would result if the district court granted the appellant’s motion for an extension of time. Under the majority’s new rule, if the appellant failed to file his appeal within the extended time, the resulting expectation of the opposing party and the court that the appellate court lacked jurisdiction and that the proceeding had ended would be in error, as the appellant could proceed at any point simply on the basis of his earlier request for an extension of time.
At bottom, there is no limiting principle in the majority’s holding. With it, a court could even construe a petitioner’s § 2254 petition for habeas relief or his motion for reconsideration of an order denying habe-as relief to reveal an intent to appeal and therefore to constitute a notice of appeal under Rule 3, based on the logic that a prisoner’s “circumstances” often provide “little reason” not to appeal any adverse ruling. Ante at 306.
Until now, we have never applied the functional equivalency test so liberally as to eliminate the substantive requirements of Federal Rule of Appellate Procedure 3. While we have permitted imperfections in the notice of appeal, we have done so only when the document provided definite notice of the party’s present intent to appeal. See, e.g., Jackson v. Lightsey, 775 F.3d 170, 175-76 (4th Cir. 2014) (construing a document purporting to be a notice of appeal as such even though it lacked the words “Fourth Circuit”); In re Spence, 541 F.3d 538, 543 (4th Cir. 2008) (construing a document purporting to be a notice of appeal to pertain to the district court’s final order even though it designated only the district court’s order denying the motion for rehearing); Dang v. C.I.R., 259 F.3d 204, 207-08 (4th Cir. 2001) (construing the appellant’s notice of appeal to include issues not specifically designated).
To be sure, Federal Rule of Appellate Procedure 3(c)(4) tolerates “informality of form or title of the notice of appeal,” but the Rule cannot be read to “waive” the substantive requirements of Rule 3(c), which function as a “jurisdictional threshold.” Torres, 487 U.S. at 314-17, 108 S.Ct. 2405. This jurisdictional threshold requires that a notice of appeal be sufficient to “ensure that the filing provides sufficient notice to other parties and the courts,” Smith, 502 U.S. at 248, 112 S.Ct. 678, that the appellant is “taking the appeal,” Fed. R. App. P. 3(c)(1)(A) (emphasis added). Because Clark’s motion for an extension of time to request a certificate of appealability does not provide that notice, we must dismiss this appeal for lack of jurisdiction *313 because the only notice of appeal that Clark filed was untimely.